AO 106 (Rev. 04/10) Application for a Search Warrant                    AUSA Kelley

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )          Case No.    2:21-mj-260
)
SPRINT CORPORATION )
6480 SPRINT PARKWAY, )
OVERLAND PARK, KANSAS 66251 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A to the Affidavit in Support of the Application, incorporated herein by reference.

located in the _____ District of _____ **Kansas** _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B to the Affidavit in Support of the Application, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §371 | Conspiracy |
| 18 U.S.C. §922(a)(6) | Providing False or Fictitious Information When Buying Firearms from an FFL |

The application is based on these facts:

See Affidavit in Support of the Application, incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Colin J. Ginley, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    4/12/2021

City and state:   Columbus, Ohio

_____
*Judge's signature*

Chelsey M. Vascura
Chelsey M. Vascura, United States Magistrate Judge
*Printed name and title*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AUTHORIZATION TO OBTAIN
LOCATION DATA CONCERNING
CELLULAR TELEPHONE ASSIGNED
CALL NUMBER (614) 984-4280, UTILIZED
BY TYREE M. JENKINS WILLIAMS,
WITH SERVICES PROVIDED BY SPRINT
CORPORATION, A WIRELESS
TELEPHONE SERVICE PROVIDER
HEADQUARTERED AT 6480 SPRINT
PARKWAY, OVERLAND PARK, KANSAS
66251

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A SEARCH WARRANT

I, Colin Ginley, Special Agent, ATF, being duly sworn, depose and say that I am one of the

Lead Investigators in this investigation. I have consulted with the other Lead Investigators

regarding this investigation and have probable cause to believe the following is true, based on the

investigation to date:

## INTRODUCTION

1.      I submit this affidavit in support of an application for a warrant pursuant to Federal

Rule of Criminal Procedure 41 and 18 U.S.C. 2703(c)(1)(A), for information associated with a

certain cellular telephone assigned call number **(614) 984-4280** utilized by **Tyree M. Jenkins**

**WILLIAMS** (hereafter referred to as the **TARGET CELLPHONE**), with services provided by

Sprint Corporation,  a wireless telephone service provider headquartered at 6480 Sprint Parkway,

Overland Park, Kansas 66251. The information to be searched, which is described in the following

paragraphs and in Attachment A, includes but is not limited to E-911 Phase II data (or other precise

location information) concerning the **TARGET CELLPHONE** (the "Requested Information"), for a period of thirty (30) days. The affiant is also seeking historical subscriber, toll and tower information for the **TARGET CELLPHONE** covering the entire investigative period. The **TARGET CELLPHONE** is described herein and in Attachment A, and the information to be seized is described herein and in Attachment B.

2.     I am a Special Agent with the Bureau of Alcohol Tobacco and Firearms. I have been employed so employed since May 14, 2018. Therefore, I am a law enforcement officer as defined in 18 U.S.C. §2510(7). I am presently assigned to the ATF Columbus Field Division. My responsibilities as a Special Agent include the investigation of violent criminal street gangs, illegal firearms traffickers, narcotics traffickers, money launders, and firearm related crimes. I have participated in the execution of search warrants and arrests related to the above-referenced offenses. Further, I have conducted investigations utilizing cellular telephone data, including but not limited to precision locates, cell-site activation information as well as reviewing call detail information.

3.     I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with other agents of the ATF and other law enforcement agencies; and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another special agent, law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Since this affidavit is being submitted for the limited purpose of securing an order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the

2

investigation. Probable cause exists to believe the Requested Information will constitute or lead to evidence of offenses involving Title 18, United States Code, Section 922(a)(6), Providing False or Fictitious Information When Buying Firearms from an FFL and Section 371, Conspiracy, (the "**TARGET OFFENSES**"), as well as the identification of individuals who are engaged in the commission of these offenses. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, will lead to the identification of individuals who are engaged in the commission of these offenses and assist law enforcement in locating **WILLIAMS** for the purposes of furthering the investigation.

4. For the reasons set out in this affidavit, there is probable cause to believe that the **TARGET OFFENSES** have been committed, are being committed, by **Tyree M. JENKINS WILLIAMS** and others known and unknown at this time. Further, there is probable cause to believe **WILLIAMS** is using the **TARGET CELLPHONE** to commit the **TARGET OFFENSES**.

## FEDERAL FIREARMS REGULATIONS

5. Pursuant to federal law and regulation, the Federal Firearms Licensee (FFL) is required to obtain various ATF forms during firearms transactions between FFL and the individual. Pursuant to federal law and regulation, the FFL is required to obtain a completed ATF Form 4473 (the "Firearms Transaction Record") from the actual purchaser of a firearm before the FFL can transfer or sell a firearm to any unlicensed person. 18 U.S.C. § 923(g); 27 C.F.R. § 478.124. ATF Form 4473 gathers a host of information about the purchaser, including information to determine if the purchaser may lawfully possess a firearm. FFLs also may not transfer a firearm to an unlicensed person without first conducting a background check through the National Instant Check System ("NICS") and recording the information on the ATF Form

4473. 18 U.S.C. § 922(t); 27 C.F.R. § 478.102. The NICS process is run by the Federal Bureau of Investigation ("FBI") and provides the mechanism through which FFLs determine whether a particular purchaser is prohibited from possessing firearms. Providing false or misleading information to an FFL in connection with the acquisition of a firearm, e.g., lying on the ATF Form 4473, is violation of federal law, 18 U.S.C. § 922(a)(6). Pursuant to federal law and regulation, the FFL is required to complete/submit ATF Form 3310.4 for the transaction of Multiple Sales of handgun should an individual purchase 2 or more handguns within a 5-day period. FFL Failure to Report a Multiple Sale, is a violation of federal law, 18 U.S.C. Section 923 (g)(3)(A). Pursuant to the Gun Control Act of 1968 (GCA), Title 18, United States Code (U.S.C.), Section 923(g)(1)(A), and implementing regulations at 27 CFR 478.121, provide, in part, that each licensed importer, licensed manufacturer, licensed dealer, and licensed collector (licensee) must maintain records of importation, production, shipment, receipt, sale, or other disposition of firearms at the licensed premises for such period, and in such form, as the Attorney General by regulations prescribes. The regulation is commonly referred to as Acquisition & Dispositions (A&D). As mentioned above, providing false or misleading information to an FFL in connection with the acquisition of a firearm, e.g., lying on the ATF Form 4473, is violation of federal law, 18 U.S.C. § 922(a)(6). Relevant here, Your Affiant knows through training and experience that someone who commits 18 U.S.C. § 922(a)(6), is often referenced as a "Straw Purchaser". A straw purchaser is the acquisition of a firearm(s) from an FFL by an individual (the "straw"), done for the purpose of concealing the identity of the true recipient of the firearm(s). It should be noted that this is specifically addressed on the ATF Form 4473, line 21, a. *"Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? Warning: You are not the actual*

4

*transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."* It should be noted that the aforementioned scenario would be categorized as a form of "firearms trafficking". Firearms trafficking is the unlawful firearms diversion done for the purpose of profit, power, and/or prestige, in furtherance of other criminal acts.

## FACTUAL BACKGROUND

6.      ATF Investigators have probable cause to believe that **WILLIAMS**, has committed, and is committing the **TARGET OFFENSES** in collaboration with others.

7.      On or around January 25, 2021, ATF commenced an investigation into the irregular firearms purchasing activity by **WILLIAMS**. This has been a joint investigation with the Columbus Division of Police (CPD) and the Ohio Highway State Patrol (OSP).

8.      ATF Investigators conducted numerous investigative techniques in relation to **WILLIAMS** activity, including but not limited to; conducting interviews, reviewing of ATF reports/forms received from FFL's, reviewing of correlated police reports, and the inquiry of ATF databases.

9.      On or around May 7, 2020, **WILLIAMS** purchased a GLOCK INC, Model 23, .40 caliber pistol, serial#: AEKW655 from Gemco Coins Jewelry & Pawn, (FFL#:43104220), located at 4311 West Broad Street, Columbus, Ohio 43228. The firearm was recovered in a crime on August 13, 2020 at 2569 Morse Road, Columbus, Ohio 43224, with a 98 day "time to crime", ATF Trace Number T20200308072. No suspects were identified.

10.     SA Ginley reviewed the above trace relevant to **WILLIAMS** and noted the "short time to crime" firearm. The phrase "time-to-crime" refers to the period between the last documented retail transaction to the date it is recovered by law enforcement. Your affiant

knows from training and experience that the above listed "time-to-crime" consists of a short amount of time and that this is one of several indicators of firearms trafficking. Most individuals who purchase firearms retain them for extended periods up to years in length. Therefore, whenever a firearm is recovered in a criminal offense shortly after it was purchased it is highly likely that the firearm was diverted to the criminal possession in some sort of firearm trafficking scheme. Your affiant also knows from training and experience that the shorter the "time-to-crime" relevant to the firearm recovery most often indicates a more direct involvement in the firearm trafficking scheme.

11.    ATF Investigators have conducted Multiple Sale queries of **WILLIAMS** which have revealed the below results.

12.    On or around September 9, 2020, **WILLIAMS** purchased three (3) GLOCK 9mm caliber pistols from Excalibur Outdoors LLC, (FFL#: 43104029), located at located at the C&E Gun Show, located at 4411 W. Broad Street, Columbus, Ohio 43228. The pistols were itemized in ATF Multiple Sale Report M20200548293 as the following:

   a.  GLOCK GMBH, Gen5, Model 19, 9mm caliber pistol, serial#: BPNE797

   b.  GLOCK GMBH, Gen5, Model 19, 9mm caliber pistol, serial#: BPNE795

   c.  GLOCK GMBH, Gen5, Model 19, 9mm caliber pistol, serial#: BPNE798

13.    On or around November 28, 2020 and November 29, 2020, **WILLIAMS** purchased eleven (11) Century Arms (CAI), Micro Draco, 7.62 caliber pistols and two (2) GLOCK GMBH .357 caliber pistols from Opticzoom Imports LLC, (FFL#: 43105071), located at the C&E Gun Show, located at 4411 W. Broad Street, Columbus, Ohio 43228. The pistols were itemized in ATF Multiple Sale Report M20210030685 as the following:

   a.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-21835-20

   b.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-21798-20

     c.  GLOCK GMBH, Model 33, .357 caliber pistol, serial#: BPMT-550

     d.  GLOCK GMBH, Model 33, .357 caliber pistol, serial#: BPMT-547

     e.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-2152X-20

     f.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-21571-20

     g.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-21742-20

     h.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-21826-20

     i.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-21687-20

     j.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-21722-20

     k.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-21674-20

     l.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-21618-20

     m. Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-21719-20

14.    On or around January 2, 2021, **WILLIAMS** purchased four (4) Romarm/Cugir Century Arms, Micro Draco, 7.62 caliber from Opticzoom Imports LLC, (FFL#: 43105071), located at 5669 Creek road, Blue Ash, Ohio 45242. The pistols were itemized in ATF Multiple Sale Report M20210177492 as the following:

     a.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-22712-20

     b.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-22658-20

     c.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-22742-20

     d.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-22970-20

15.    On or around January 24, 2021, **WILLIAMS** purchased two (2) Century Arms (CAI), Micro Draco, 7.62 caliber pistols from Opticzoom Imports LLC, (FFL#: 43105071), located at the C&E Gun Show, located at 4411 W. Broad Street, Columbus, Ohio 43228. The pistols were itemized in ATF Multiple Sale Report M20210030685 as the following:

     a.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-23093-20

      b.  Century Arms, Draco Micro, 7.62x39 caliber pistol, serial#: PMD-23384-20

16.    To summarize, since September 9, 2020, **WILLIAMS** has purchased 5 GLOCK pistols and 17 Micro Draco Pistols, but ATF Investigators have been unable to confirm the exact cost or payment method of each firearm transaction.

17.    On or around March 3, 2021, ATF Investigators served an Investigative subpoena through the State of Ohio-Department of Taxation for tax records as it relates to **WILLIAMS**.

18.    On or around March 25, 2021, ATF Investigators received the State of Ohio-Department of Taxation tax records as it relates to **WILLIAMS** and a review displayed the following results:

- Tax Year 2016- Has not filed Ohio tax returns for personal Income or Business
- Tax Year 2017- Has not filed Ohio tax returns for personal Income or Business
- Tax year 2018- Has not filed Ohio tax returns for personal Income or Business
- Tax year 2019-**WILLIAMS** claimed $12,526 in Federal Adjusted Gross Income. Additionally, the records showed the $12,526 as wages from Driven Brands Shared.
- Tax year 2020- **WILLIAMS** showed he claimed Federal Adjusted gross Income of $16,835. Additionally, the tax records for 2020 showed $16,835 as wages from Driven Brands Shared Services LLC.

19.    On or around February 14, 2021, ATF Investigators requested that Opticzoom Imports LLC, (FFL#: 43105071) provide all ATF Form 4473's and bill of sale, records/receipts, etc. as it related to **WILLIAMS**.

20.    On or about February 16, 2021, Opticzoom Imports LLC, (FFL#: 43105071) provided ATF investigators the requested ATF Form 4473's regarding firearm purchases of **WILLIAMS.** Opticzoom Imports LLC advised ATF Investigators that they were unable to provide any bill of sales, records/receipts as it related to the **WILLIAMS** purchases.

21.   Your Affiant is familiar with current firearm price trends for the past year. Relevant here, Your Affiant knows that Ohio FFL's have been price listing stock, "Century Arms, Draco Micro, 7.62x39 caliber style pistol's" in the price range between $850.00-$1,000.00.

22.   On or around April 8, 2021, ATF Investigators called Opticzoom Imports LLC and confirmed that their listed price for a "Century Arms, Draco Micro, 7.62x39 caliber style pistol" is $950.00. Opticzoom Imports LLC advised ATF Investigators that this price would not change whether purchased in-store or at a Gun Show.

23.   ATF Investigators have determined estimation figures based on the above information to prudently conclude that, based on the **WILLIAMS** purchase of (17) seventeen "Century Arms, Draco Micro, 7.62x39 caliber style pistols" from Opticzoom Imports LLC at $950.00 each, the total would be $16,150.00 (17x$950.00=$16,150).

24.   ATF Investigators know that, though not actual, the estimation total of $16,150, even if lower in actuality, is a stark contrast comparatively to **WILLIAMS** claimed $12,526 in Federal Adjusted Gross Income of tax year 2019 and **WILLIAMS** Federal Adjusted gross Income of $16,835 of tax year 2020.

25.   On or about February 16, 2021, ATF Investigators reviewed the ATF Form-4473's received from Opticzoom Imports LLC, (FFL#: 43105071) regarding firearm purchases of **WILLIAMS** and noted that, in those reviewed, **WILLIAMS** checked 21. A. "Yes" on each ATF Form 4473. As referenced above, the ATF Form 4473, line 21, a. states: *"Are you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."*

26. ATF Investigators observed that on several ATF Form 4473's the **TARGET CELLPHONE** was listed in box 32.

27. ATF Investigators conducted law enforcement database checks into the **TARGET CELLPHONE** and the results displayed a listed owner of **WILLIAMS.**

28. ATF investigators conducted a law enforcement database check on **WILLIAMS** which revealed he is the listed owner of a 2018 white, Chevy Cruze, bearing Ohio plate "JFN2928".

29. On or about March 19, 2021, ATF Investigators confirmed with "Reserve at Abbie Lakes" apartment management that the listed individuals on the lease of 3405 Heath Trace are **WILLIAMS** and a female, Chelsea BIVENS (DOB: 11/14/2000). Management confirmed that the listed phone number on file for **WILLIAMS** was the **TARGET CELLPHONE**.

30. On or about March 19, 2021, ATF Investigators conducted surveillance of **WILLIAMS** in the area of 3405 Heath Trace, Canal Winchester, Ohio 43110. ATF Investigators observed **WILLIAMS** enter his 2018 white, Chevy Cruze, Ohio plate "JFN2928" and drive out of the parking lot. ATF Investigators subsequently lost surveillance of **WILLIAMS**.

31. On or about March 25, 2021, ATF Investigators conducted surveillance of **WILLIAMS** in the area of 3405 Heath Trace, Canal Winchester, Ohio 43110. ATF Investigators observed **WILLIAMS** enter his 2018 white, Chevy Cruze, Ohio plate "JFN2928" and drive out of the parking lot. ATF Investigators subsequently lost surveillance of **WILLIAMS**.

32. On or about March 25, 2021, ATF Investigators conducted surveillance of **WILLIAMS** at the location of 3405 Heath Trace, Canal Winchester, Ohio 43110. ATF Investigators observed **WILLIAMS** and two males (later identified as La'melle FLOWERS, DOB:

10

7/16/2000 and William YOUNG, DOB: 7/13/2001), arrive in the parking lot of 3405 Heath Trace in a silver 2013 silver, Chevy Cruze, bearing Ohio temporary tag "L004764", registered owner Michael FLOWERS. ATF Investigators observed **WILLIAMS** immediately walk over to his 2018 white, Chevy Cruze, Ohio plate "JFN2928". ATF Investigators observed **WILLIAMS** enter his 2018 white, Chevy Cruze, Ohio plate "JFN2928" which was observed with a left rear flat tire. **WILLIAMS** was observed as the sole occupant. ATF Investigators observed FLOWERS exit the 2013 sliver Chevy Cruze and quickly place a backpack into the trunk. ATF Investigators observed FLOWERS enter the driver seat of the silver Chevy Cruze, with YOUNG as the front passenger. ATF Investigators then observed both vehicles leave the area of 3405 Heath Trace and arrive at a tire shop at 6020 E. Livingston Avenue, Columbus, Ohio 43228.

33.   A Columbus Division of Police (CPD) uniform traffic unit subsequently performed a traffic stop on the silver 2013 silver, Chevy Cruze, bearing Ohio temporary tag "L004764" at 6975 E. Livingston Avenue. A probable cause search resulted in the recovery of the following.

   a. GLOCK, Model 19 Gen 4, 9mm caliber pistol, serial#: ABUP331, loaded, with laser and extended magazine containing twenty-nine (29) rounds of ammunition, eTrace, T20210131569
   b. GLOCK GMBH, Model 29 Gen 4, 10mm auto caliber pistol, serial#: BDGC225, loaded, with laser and extended magazine containing thirteen (13) rounds of ammunition, eTrace T20210131583.
   c. Bulk Marijuana, approximately 2-4lbs
   d. Purple Apple cell phone attributed to FLOWERS
   e. White Apple cell phone attributed to FLOWERS
   f. Red Apple cell phone attributed to YOUNG
   g. Approximately $4,162.00 in U.S. Currency attributed to YOUNG.
   h. Approximately $20,567.00 in U.S. Currency attributed to FLOWERS.

34.   **WILLIAMS** was also on scene in his 2018 white, Chevy Cruze, Ohio "JFN2928".

35. ATF Investigators received information from CPD uniform officers that while **WILLIAMS** was on scene of the traffic stop, **WILLIAMS** attempted to intervene and advised CPD officers that both firearms inside the 2013 sliver Chevy Cruze belonged to him. **WILLIAMS** advised the officers that he had an Ohio CCW permit. **WILLIAMS** provided the CPD uniform officers with his identifying information and a contact phone number of the **TARGET CELLPHONE.**

36. Subsequent to the traffic stop, all evidence was entered at the CPD Property Room and FLOWERS and YOUNG were both booked in Franklin County Jail on Improper Handling of a Firearm in a Motor Vehicle-2923.16 (B) and Trafficking in Drugs-2925.03 of the Ohio Revised Code.

37. On or about March 27, 2021, while in custody in Franklin County Jail, FLOWERS made a call on FCJ PIN: 210325067 to **WILLIAMS** at the **TARGET CELLPHONE** which involved a coded discussion relevant to the "FLOWERS/YOUNG" traffic stop.

38. On or about April 1, 2021, ATF Investigators conducted an interview with **WILLIAMS.** The purpose of the interview was based on **WILLIAMS** presence and **WILLIAMS** statements while on scene at the "FLOWERS/YOUNG" traffic stop which occurred on March 25, 2021. It should be noted that FLOWERS was present during the interview.

39. **WILLIAMS** stated to ATF Investigators that the Glock 19C pistol with extended magazine found in the possession of FLOWERS on the traffic stop was not FLOWERS but belonged to him. ATF Investigators asked **WILLIAMS**, *"what firearms do you normally carry"?* **WILLIAMS** responded, saying *"That was the only thing I was carrying…Ain't got nothing now".* ATF Investigators asked **WILLIAMS**, *"You don't got*

*anything else, you don't carry anything else?"* **WILLIAMS** responded, saying, *"Nothing at all, no sir"*

40.   On March 27, 2021, TFO Jerry Orick Franklin County drafted and secured search warrants through Franklin County Municipal Court, State of Ohio, on the purple Apple and white Apple cell phone attributed to FLOWERS and the red Apple cell phone attributed to YOUNG seized during the traffic stop on March 25, 2021. The cell phones were subsequently extracted successfully at the CPD Digital Forensics Unit (DFU).

41.   ATF Investigators, including Your Affiant have reviewed the results/records and information from the subsequent cell phone extractions.

42.   Specifically, ATF Investigators observed a chat that occurred on November 28, 2020, between "Reewaup" (**WILLIAMS**) at **TARGET CELLPHONE** and "Bandzy" (YOUNG). The following discussion occurred:

- YOUNG AKA "Bandzy"-11/28/20-8:46 PM (UTC-5): (picture of Century Arms, Micro Draco, 7.62x39 caliber pistol and Glock 33, Gen 4 .357 pistol)
- **WILLIAMS** AKA "Reewaup"- 11/28/20-8:47 PM (UTC-5): *Send one single one*
- **WILLIAMS** AKA "Reewaup"- 11/28/20-8:47 PM (UTC-5): *I got somebody to buy em*
- **WILLIAMS** AKA "Reewaup"- 11/28/20-8:47 PM (UTC-5): *a couple of em*
- YOUNG AKA "Bandzy"-11/28/20-8:48 PM (UTC-5): (Picture of Glock 33, Gen 4, .357 pistol)
- YOUNG AKA "Bandzy"-11/28/20-8:48 PM (UTC-5): (Picture- Century Arms, Micro Draco, 7.62x39, serial#PMD-21798-20)
- **WILLIAMS** AKA "Reewaup"- 11/28/20-8:48 PM (UTC-5): *My dawg good looks*

13

43. ATF Investigators compared the photo of the Century Arms, Micro Draco, 7.62x39, serial#PMD-21798-20, pistol, sent by YOUNG to **WILLIAMS** in the chat and confirmed through records that it was one of the 13 pistols purchased by **WILLIAMS** on November 28, 2020 from Opticzoom Imports LLC, (FFL#: 43105071), located at the C&E Gun Show, located at 4411 W. Broad Street, Columbus, Ohio 43228 as outlined in paragraph 13 of this affidavit.

44. Your affiant knows from training and experience conversation that is indicative of firearms trafficking and/or lying and buying, "straw purchasing".

45. Your affiant knows from training and experience that Micro Draco, 7.62x39 "style" pistols are not known to be a "collector style" firearm.

46. Your affiant knows from training and experience that Micro Draco, 7.62x39 "style" pistols are a well sought-after firearm with street level criminal groups because of their intimidation factor, ammunition capacity, and ammunition caliber and because of this, they are often displayed on social media or through picture messages by groups who traffic in narcotics.

47. Your affiant knows from training and experience that individuals who purchase firearms in large quantity bear the financial totality, and, if that is conflicting with that individual's income, it could be an indicator of firearms trafficking and/or lying and buying, "straw purchasing".

48. ATF Investigators have probable cause to believe that one of the methods in which **WILLIAMS** has committed the **TARGET OFFENSES** includes that, while being an individual who can legally purchase firearms, **WILLIAMS** has conducted activity consistent with a "straw purchaser".

49.  As stated above, ATF Investigators have conducted periodic surveillance of a residence associated to **WILLIAMS** which at times has yielded lost or negative results in **WILLIAMS** physical movement pattern.

50.  Data obtained from the order will be used to determine the location of the **TARGET CELLPHONE** in relation to the location of the **TARGET OFFENSES**.

51.  ATF Investigators believe that the data sought will provide other locations of interest to the investigation relevant to **WILLIAMS** and assist investigators with his whereabouts.

52.  In addition to the above information indicating that **WILLIAMS**, utilized the **TARGET CELLPHONE**, regarding illegal firearms trafficking activities, your affiant knows through training, experience, and conversations with other law enforcement officers that individuals engaged in a conspiracy will use their telephone to communicate with each other. In addition, cellular telephones are commonly in the physical possession of owners which would yield information as to where **WILLIAMS** has purchased legal firearms, sold firearms illegally, or other actions in furtherance of the conspiracy. The information sought in this warrant will further establish the patterns of those involved in the conspiracy.

## E-911 PHASE II DATA AND CELL SITE DATA

53. In my training and experience, I have learned that Sprint Corporation is a company that provides cellular telephone access to the public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector record.

54. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.

55. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., 120-degree face of the tower) to which the telephone is connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

56. Based on my training and experience, I know that Sprint Corporation can collect E-911 Phase II data about the location of the **TARGET CELLPHONE** by initiating a signal to determine the location of the **TARGET CELLPHONE** on Sprint Corporation's network or with such other reference points as may be reasonably available.

57. Based on my training and experience, I know that Sprint Corporation can collect cell-site data about the **TARGET CELLPHONE**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Sprint Corporation typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to

use this information for various business-related purposes.

58. The above-identified kinds of information—E-911 Phase II data, also known as GPS data or latitude-longitude data, and cell-site data, also known as "tower/face information" or cell tower/sector records—are most imperative in this investigation. Due to the difficulty in conducting surveillance operations on individuals associated with the illegal firearms trafficking activity, including **WILLIAMS**, your affiant believes the GPS data and cell site data is vital to the investigation. The ability to locate the **TARGET CELLPHONE** and possible associates while conducting his criminal activity is crucial to obtaining evidence for prosecution and executing an arrest.

## AUTHORIZATION REQUEST

59. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c), authorizing the acquisition of the information described in Attachment B for a period of thirty days.

60. It is further requested, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize notice to be delayed for a period of thirty days after the termination of the monitoring period authorized by the warrant. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **TARGET CELLPHONE** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2).

Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

61. I further request that the Court direct Sprint Corporation to disclose to the government any other information described in Attachment B that is within its possession, custody, or control.

62. It is further requested that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **TARGET CELLPHONE** outside of daytime hours.

63. It is further requested that the warrant, the Court's Order, and this affidavit be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation. Moreover, sealing the above documents will avoid premature disclosure of the investigation and better ensure the safety of agents and others. Accordingly, there is good cause to seal these documents.

Colin J. Ginley
Special Agent, ATF


Sworn to and subscribed before me this ___12th___ day of April 2021 in Columbus, Ohio.

Honorable Chelsey M. Vascura
United States Magistrate Judge
Southern District of Ohio

18

## ATTACHMENT A
### Property to be Searched

1.      The cellular telephone being used by the target **Tyree M. Jenkins WILLIAMS (TARGET CELLPHONE)**, more particularly described as the cellular telephone assigned call number **(614) 984-4280**, with service provided by Sprint Corporation, a wireless telephone service provider headquartered at 6480 Sprint Parkway, Overland Park, Kansas 66251.

2.      Information about the location of the **TARGET CELLPHONE**, described in Attachment B, is within the possession, custody, and control of Sprint Corporation.

## ATTACHMENT B

### Particular Things to be Seized

I.  **Information to be Disclosed by the Provider**

   **A. Location Information to be Disclosed by the Provider**

All information about the location of the **TARGET CELLPHONE** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **TARGET CELLPHONE**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint Corporation is required to disclose the Location Information to the government. In addition, Sprint Corporation must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Sprint Corporation services, including by initiating a signal to determine the location of the **TARGET CELLPHONE** on Sprint Corporation's wireless network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Sprint Corporation for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a (b)(2).

**B. Additional Records and Other Information to Be Disclosed by the Provider**

Sprint Corporation is required to disclose the following records and other information, if available, to the United States for the **TARGET CELL PHONE**, for the time period January 1, 2020, through current date of this document:

    a.    The following information about the customers or subscribers of the Account:

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Local and long-distance telephone connection records;

        4.    Length of service (including start date) and types of service utilized;

        5.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

        6.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

        7.    Means and source of payment for such service (including any credit card or bank account number) and billing records.

    b.    All records and other information (not including the contents of communications) relating to the Account, from the dates of January 1, 2020 to current including:

        1.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

        2.    All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.

**II.    Information to be Seized by the Government**

All information described above in Sections I.A and I.B above that constitutes evidence of violations of Title 18, United States Code, Section 922(a)(6), Providing False or Fictitious

21

Information When Buying Firearms from an FFL and Section 371, Conspiracy involving **Tyree M. Jenkins WILLIAMS**, as well as other known and unknown co-conspirators.